UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | | |
|---|---|---|
| ANTHONY MARTIN, next friend and guardian of a minor child, J.M., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:12-117 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| ANDRE PATTERSON, individually and as a MADISON COUNTY DEPUTY SHERIFF, | ) ) ) ) | **AND ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant's Motion for Summary Judgment (DE 24). Defendant Andre Patterson asks this Court to dismiss the Complaint on the grounds that Plaintiff Anthony Martin's claims are barred by the doctrine of collateral estoppel. In the alternative, Patterson asks this Court to dismiss all claims against him in his official capacity as a Madison County Deputy Sheriff. For the reasons stated below, this Court will deny in part and grant in part the defendant's motion.

**BACKGROUND**

On June 14, 2011, Defendant Andre Patterson, a Madison County Deputy Sheriff, arrested J.M. for theft and fraudulent use of credit cards. During the course of the arrest there was a struggle, and J.M. was subsequently found delinquent of resisting arrest in a juvenile adjudication in Madison District Court. (DE 24-4, p. 49–50). J.M denied the charge and testified that Patterson choked and dragged him to his car, causing J.M. to lose consciousness and injure his wrist as he fell. He did not argue that he only acted in self-defense. Rather, J.M. testified

that he did not resist at all. (DE 24-4, p. 28–29, 34–35). Despite this testimony, the juvenile court found him delinquent of resisting arrest.

Plaintiff Anthony Martin, as next friend and guardian of J.M., now brings this action against Patterson for excessive force under 42 U.S.C. § 1983, along with state-law claims of battery and intentional infliction of emotional distress. Patterson moves this Court to dismiss the action in its entirety due to collateral estoppel, arguing that the lawfulness of his conduct was necessarily adjudicated in the state court juvenile proceeding where J.M. was found delinquent of resisting arrest. In the alternative, Patterson moves to have all claims dismissed to the extent that they are brought against him in his official capacity as a Madison County Deputy Sheriff.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). "The party bringing the summary judgment motion has the initial burden of informing the [Court] of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating 'an absence of evidence to support the nonmoving party's case.'" *Id*. (quoting *Celotext Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The Court must view all of the evidence in

the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### I.     Collateral Estoppel Claim

Martin's claims against Patterson are not barred by collateral estoppel because the lawfulness of Patterson's conduct was not necessarily adjudicated in the prior juvenile proceeding.  Whether a claim is barred by collateral estoppel due to a prior state decision is determined by the relevant state law. *See Wicker v. Bd. of Educ. of Knott Cnty., Ky.*, 826 F.2d 442, 450 (6th Cir. 1987) (citing *Kremer v. Chemical Construction Co.*, 456 U.S. 461 (1982)).  In Kentucky, "a judgment in a former action operates as an estoppel only as to matters which were *necessarily* involved and determined in the former action, and is not conclusive as to matters . . . which were not necessary to uphold the judgment." *See Gossage v. Roberts*, 904 S.W.2d 246, 248 (Ky. Ct. App. 1995) (emphasis added) (quoting *Sedley v. City of West Buechel*, 461 S.W.2d 556, 558–59 (Ky. 1970)).  "If a fact was not 'necessarily determined' in the former trial, the possibility that it may have been decided does not preclude reexamination of the issue." *Ordway v. Com.*, 352 S.W.3d 584, 589 (Ky. 2011) (quoting *Benton v. Crittenden*, 14 S.W.3d 1, 5 (Ky. 1999)).

Here, Martin brings claims under § 1983 for unreasonable seizure along with state-law tort claims by asserting that Patterson used excessive force in effecting J.M.'s arrest.  Patterson contends that the prior state court adjudication—during which J.M. was found delinquent of resisting arrest—precludes these claims because the court necessarily determined that Patterson's conduct was lawful.

Generally, a conviction under KRS § 520.090 for resisting arrest does not, on its own, preclude a subsequent claim against the officer for excessive force. *See Donovan v. Thames*, 105 F.3d 291, 295 (6th Cir. 1997). This is because "the offense of resisting arrest does not require a finding that the police officers did not use excessive force in effecting the arrest." *Id.* Patterson argues that the issue of excessive force became necessary to the judgment in this case, however, because J.M. defended the charge by testifying that Patterson choked and dragged him across the parking lot. According to Patterson, the state court could not have found J.M. delinquent of resisting arrest if it did not reject J.M.'s testimony that Patterson used excessive force. Thus, the argument goes, the state court necessarily determined that Patterson's conduct was lawful by finding J.M. delinquent.

For support, Patterson points to *Robertson v. Johnson Cnty. Ky.*, 896 F. Supp. 673 (E.D. Ky. 1995), and *Satterly v. Louisville-Jefferson Cnty. Metro Gov't*, 2008 WL 4127028 (W.D. Ky. Sept. 4, 2008), two cases where the court found an excessive force claim precluded by prior state-court convictions. Significantly, in both *Robertson* and *Satterly* the courts relied on the fact that the plaintiffs claimed self-defense in their underlying criminal trials, which in turn required evaluating whether the officers created a right to self-defense by using unreasonable force. In *Robertson*, a case where the plaintiff had an underlying conviction for menacing, the court found that "the jury clearly rejected Robertson's defense that [the officers] beat him and that Robertson was acting in self-defense." *Robertson*, 896 F. Supp. at 688. Similarly, the instructions given to the jury in *Satterly* expressly required they decide whether the officer "was not using any more force than was reasonably necessary to effect the detention." *Satterly*, 2008 WL 4127028 at *5. By rejecting the claim of self-defense, the jury unambiguously adjudicated the issue of excessive force.

Unlike the plaintiffs in *Robertson* and *Satterly*, J.M. did not claim self-defense in the prior adjudication. Rather, both the hearing transcript and J.M.'s deposition reveal that J.M. repeatedly denied resisting arrest at all. (DE 24-4, p. 28–29, 35–36; DE 24-2, p. 12). This fact is crucial, because without a claim of self-defense it was not *necessary* for the court to evaluate whether Patterson's conduct was reasonable in order to find that J.M. resisted arrest. This is true even though J.M. testified that Patterson choked and dragged him across the parking lot. Finding that J.M. resisted arrest implies only that the court rejected his testimony that he did not resist; it does necessarily indicate a judgment as to whether Patterson's force was excessive. "[T]he *possibility* that [an issue] may have been decided" is not sufficient to invoke collateral estoppel. *Ordway*, 352 S.W.3d at 589 (emphasis added). Because the juvenile court could believe both that J.M. resisted arrest *and* that Patterson used excessive force, the lawfulness of Patterson's conduct was not necessarily determined by J.M.'s conviction.

Finally, Patterson argues that even if J.M.'s testimony and defense at the prior proceeding is not sufficient to invoke collateral estoppel, the judge's statement from the bench indicates that the court did in fact adjudicate the lawfulness of his conduct. In the course of finding J.M. delinquent for resisting arrest, the judge said,

> Frankly, young man, . . . it's actually kind of shocking to me that he didn't either let you go earlier and then Taser you or actually use more force than what he used to get you into the back of the car, and . . . you're actually lucky in this situation that what happened to you, although it was unfortunate, you weren't hurt even worse that night. (DE 24-4, p. 49)

This statement however, falls short of any legal determination that Patterson's conduct was lawful. Patterson has the "steep burden" of proving that his conduct was a "fact distinctly put in issue in the former [adjudication] and not merely collaterally in question." *See Ordway*, 352 S.W.3d at 589. Expressing surprise that Patterson did not use more force, or admonishing a

juvenile defendant that they are lucky to have avoided a more serious injury, does not demonstrate that the juvenile court "actually decided" whether Patterson used reasonable force. *See id.* Accordingly, and for the above-stated reasons, this Court finds that Martin's claims arising under § 1983 and Kentucky tort law are not barred by collateral estoppel.

## II. Claims Against Patterson in His Official Capacity

Patterson contends that even if the present action is not barred by collateral estoppel, all claims brought against him in his official capacity should be dismissed. He argues that the § 1983 claim must be dismissed because Martin cannot demonstrate that the allegedly unconstitutional action taken by Patterson was the result of a policy or custom of the county government, and that the state tort claims are barred by sovereign immunity. This Court finds that the § 1983 claim must be dismissed, but the state tort claims may proceed.

### A. § 1983 Claim of Excessive Force

Martin's § 1983 claim for unreasonable seizure and excessive force against Patterson in his official capacity must be dismissed. Claims against county officials in their official capacity are treated as claims against the county itself. *See Shamaeizadeh v. Cunigan*, 338 F.3d 535, 556 (6th Cir. 2003). A county government, however, cannot be held liable under § 1983 for the acts of its employees simply through respondeat superior. Rather, plaintiffs must demonstrate that "a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's rights." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010)). In the present case, Martin does not allege that Patterson's conduct was the result of a custom, policy, or practice of the county government. The Court will therefore dismiss his claim in Count I under § 1983 to the extent that it is asserted against Patterson in his official capacity.

B.  State-Law Claims for Battery and Intentional Infliction of Emotional Distress

This Court does not agree, however, that Martin's state-law claims for battery and intentional infliction of emotional distress should be dismissed.  Patterson argues that as a Madison County deputy sheriff he is entitled to the same sovereign immunity as the county itself when he is sued in his official capacity.  Under Kentucky law, county governments are cloaked with sovereign immunity that extends to public officials sued in their official capacity.  *See Jones v. Cross*, 260 S.W.3d 343, 345 (Ky. 2008) (citing *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001)).  Although this immunity absolutely shields county employees from tort liability, it may be waived by legislative action. *See id.*; *Com., Dept. of Highways v. Davidson*, 383 S.W.2d 346, 348 (Ky. 1964).

One such waiver is found in KRS § 70.040, which waives sovereign immunity as applied to the office of the sheriff for acts committed by its deputies.  The statute states that "[t]he sheriff shall be liable for the acts or omissions of his deputies; except that, the office of sheriff, and not the individual holder thereof, shall be liable under this section."  KRS § 70.040.  The Supreme Court of Kentucky has held that this statute waives immunity for the office of the sheriff for acts committed by its deputies.  *See Jones*, 260 S.W.3d at 346.   To the extent that Patterson is shielded from suit in his official capacity by sovereign immunity, such immunity is derived from that granted to the county office in which he is employed—the office of the sheriff.  It therefore follows that any sovereign immunity extending to Patterson for acts he commits as a deputy sheriff is waived by KRS § 70.040. *See Harlan Cnty. v. Browning*, 2013 WL 657880, at *3–4 (Ky. Ct. App. Feb. 22, 2013) (finding that KRS § 70.040 waives sovereign immunity for deputy sheriffs sued in their official capacity) (unpublished); *Meogrossi v. Aubrey*, 2011 WL 1235063, at *19 (E.D. Ky. Mar. 31, 2011).  The Court, therefore, finds that the state-law tort claims of

battery and intentional infliction of emotional distress brought against Patterson in his official capacity as a Madison County Deputy Sheriff are not barred by sovereign immunity.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Patterson's Motion for Summary Judgment (DE 24) is granted in part and denied in part as follows:

1. The motion is **GRANTED** as to the plaintiff's § 1983 claim against Patterson in his official capacity, and that claimed is **DISMISSED**;

2. The motion is otherwise **DENIED**.

Dated this 9th day of October, 2013.

Signed By:

*Karen K. Caldwell*

United States District Judge